UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PHYLLIS PITLUGA, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV122 SNLJ |
| ) | |
| FRANK TAYLOR, JR., et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Frank Taylor, Jr. (#17), filed March 31, 2009. Also on March 31, 2009, Attorney Deborah Yates entered an appearance for both defendant Taylor and defendant Costello and filed an answer on behalf of both defendants. Because the time for defendant Taylor to file an answer had passed, this Court issued a show cause order on April 2, 2009, to defendant Taylor requesting briefing as to why his answer should not be considered untimely and an order of default be issued in favor of the plaintiffs. Defendants responded (#22) on April 10, 2009. Plaintiffs then filed a reply to defendants' response (#24) on May 6, 2009. A motion for entry of default judgment was never filed with the Clerk of the Court.

### I. Procedural Posture

This case was filed August 6, 2008, by Plaintiffs Phyllis Pitulga and Liton Pitluga against defendant Frank Taylor, Jr. Plaintiffs allege, *inter alia*, that defendant was negligently and carelessly operating his vehicle on Interstate 55 causing an accident between plaintiffs and defendant. After attempts at personal service failed, plaintiffs eventually served defendant Taylor with notice through publication with the Missouri Secretary of State on November 24, 2008, and

his answer was due by December 15, 2008.  On December 2, 2008, plaintiffs amended their complaint to add Pete A. Costello as an additional defendant.  There were again several failed attempts at issuing a summons to defendant Costello and a summons was finally issued through a filing with the Missouri Secretary of State.  That summons was issued by this court on March 26, 2009, there is no entry on the record that it has been returned executed.

Plaintiffs allege that, at the time of the accident, defendant Taylor was acting as defendant Costello's agent and, thus, defendant Costello is liable for defendant Taylor's negligence under the theory of *respondeat superior*.  In response to the show cause order, defendants argue that if default is entered against defendant Taylor, defendant Costello will not have an adequate opportunity to defend.  Defendants also allege that defendants' insurer, Allstate, was not given notice of the lawsuit until March 20, 2009, and thus filing an answer on March 31, 2009, was not due to any bad faith and was done as quickly as possible.

**II. Discussion**

Plaintiffs filed their motion for default judgment based upon the failure of defendant Taylor to respond to service of process sent by the Missouri Secretary of State on November 24, 2008.  However, after a review of the summons returned executed this Court holds that there was insufficient service of process.  The Secretary of State form filed by plaintiffs is incomplete and lacks the signature of a Notary Public.  Without proper service there can be no default for failure to respond.  In addition, without proper service the answer was not out of time.  Because the answer was not out of time there is no right to a default judgment.  However, because defendants filed an answer despite the defects in service and did not raise issues of defective service, both defendants have waived their right to challenge the sufficiency of service of process.  Therefore, this case will now proceed as if service was proper and the answer was timely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs motion for default judgment (#17) is **DENIED**.

Dated this   13th   day of May, 2009.

                                                                        _____
                                                                        UNITED STATES DISTRICT JUDGE